1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

CARL ALONZO BROOKS,

                Plaintiff,

    v.

NANCY TENNEY, et al.,

                Defendants.

CASE NO. 2:24-cv-01704-JHC-DWC

REPORT AND RECOMMENDATION

Noting Date: December 16, 2024

15       Plaintiff Carl Alonzo Brooks, proceeding *pro se*, initiated this action by filing a proposed

16 civil rights complaint under 42 U.S.C. § 1983. Dkts. 1, 4-1. Plaintiff has also filed a motion to

17 proceed *in forma pauperis* ("IFP"). Dkt. 4. However, Plaintiff has incurred at least three "strikes"

18 under 28 U.S.C. § 1915(g) and is, therefore, ineligible to proceed in this action without

19 prepayment of fees. Thus, the undersigned recommends the IFP motion (Dkt. 4) be denied and

20 Plaintiff be required to pay the $405.00 filing fee before proceeding in this action.

21     **I.     Background**

22       Plaintiff, who is currently incarcerated at Coyote Ridge Corrections Center ("CRCC"),

23 filed this prisoner civil rights action concerning the allegedly inadequate representation he

24 received in 2006 when he petitioned for habeas corpus relief from his 1978 state court conviction

REPORT AND RECOMMENDATION - 1

1    and sentence. Dkt. 1 at 2–11; Dkt. 4-1. Plaintiff also alleges he was denied equal protection of

2    law during the same habeas proceedings. Dkt. 1 at 11–15; Dkt. 4-1. Plaintiff seeks $18 million in

3    compensatory damages as well as declaratory and injunctive relief concerning his underlying

4    state court conviction and sentence. Dkt. 1 at 15; Dkt. 4-1.

5        **II.        Screening Standard**

6        The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs IFP

7    proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by

8    granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047,

9    1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the

10   federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an

11   effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir.

12   2001)). Indigent prisoners may still apply for and obtain IFP status, but § 1915(b) states

13   prisoners proceeding IFP must pay the filing fee when funds become available in their prison

14   accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051.

15       "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be

16   barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051–52. The "three-

17   strikes rule" contained in § 1915(g) of the PLRA states:

18           In no event shall a prisoner bring a civil action under this section if the prisoner has,
             on 3 or more prior occasions, while incarcerated or detained in any facility, brought
19           an action or appeal in a court of the United States that was dismissed on the grounds
             that it is frivolous, malicious, or fails to state a claim upon which relief may be
20           granted, unless the prisoner is under imminent danger of serious physical injury.

21       The three-strikes rule does not distinguish between dismissals with prejudice, dismissals

22   without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the statute's

23   screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154–55 (9th Cir. 2008). Thus, when an

24

REPORT AND RECOMMENDATION - 2

1   IFP motion or application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915(e)

2   and the action dismissed, the dismissal counts as a "strike." *Id.* at 1155.

3           Here, the records of this Court and of the United States District Court for the Eastern

4   District of Washington show Plaintiff previously filed at least eighteen prisoner civil rights

5   actions while incarcerated. Of those actions, at least five were dismissed as frivolous and/or for

6   failure to state a claim upon which relief may be granted. Thus, the following prior dismissals

7   constitute "strikes" pursuant to section 1915(g):

8       1.   *Brooks v. State of Washington, et al.,* No. 3:03-cv-05285-RBL-KLS, Dkts.
             5, 9, 10 (W.D. Wash judgment entered Oct. 6, 2003) (claim seeking
9            damages based on parole eligibility decision dismissed for failure to state a
             claim).
10
        2.   *Brooks v. Indeterminate Sentencing Review Board et al.*, No. 3:11-cv-
11           05152-RJB, Dkts. 9, 12, 13 (W.D. Wash. judgment entered Apr. 11, 2011)
             (dismissing claims concerning parole eligibility decision and/or conditions
12           of confinement as frivolous and for failure to state a claim).

13      3.   *Brooks v. Indeterminate Sentencing Review Board, et al.,* No. 3:11-cv-
             05247-RBL, Dkt. 6, 8, 9 (W.D. Wash. judgment entered May 11, 2011)
14           (dismissing claims repetitive of those brought in Case No. 3:11-cv-05152-
             RJB as malicious and frivolous).
15
        4.   *Brooks v. Endo, et al.,* No. 2:18-cv-00658-JCC, Dkts. 10, 14, 15 (W.D.
16           Wash. judgment entered Jul. 9, 2018) (dismissing claim alleging ineffective
             assistance of appellate counsel as time-barred and for failure to state a
17           claim).

18      5.   *Brooks v. Tenney, et al.*, No. 2:23-cv-00219-LK, Dkts. 8, 16, 17 (W.D.
             Wash. judgment entered Apr. 11, 2023) (dismissing claims concerning
19           appellate counsel as duplicative, time-barred, and for failure to state a
             claim).
20
        Because he has incurred at least three "strikes," Plaintiff is barred from proceeding IFP
21
    unless he shows he was "under imminent danger of serious physical injury" at the time he filed
22
    his proposed complaint. *See* 28 U.S.C. § 1915(g). Plaintiff does not make such a showing. The
23
    allegations in the proposed complaint relate to habeas corpus proceedings occurring nearly two
24

REPORT AND RECOMMENDATION - 3

1   decades ago. *See* Dkts. 1, 4-1. These allegations do not demonstrate Plaintiff is under imminent

2   danger of serious physical injury.

3       As Plaintiff has incurred at least three strikes and failed to show he is under immediate

4   danger of serious physical injury, the undersigned recommends the IFP motion (Dkt. 4) be

5   denied and that Plaintiff be required to pay the filing fee before he may proceed in this case.

6       **III.    Conclusion**

7       For the stated reasons, the undersigned finds Plaintiff has incurred at least three "strikes"

8   and is barred from proceeding without prepayment of fees under 28 U.S.C. § 1915(g). It is

9   therefore recommended the IFP motion be denied and Plaintiff be directed to pay the $405.00

10  filing fee within 30 days of the adoption of this Report and Recommendation. If Plaintiff fails to

11  pay the filing fee by the court-imposed deadline, it is further recommended this action be

12  dismissed without prejudice.

13      Objections to this Report and Recommendation, if any, should be filed with the Clerk not

14  later than **fourteen (14) days** from the date on which this Report and Recommendation is signed.

15  Failure to file objections within the specified time may affect your right to appeal. Objections

16  should be noted for consideration on the District Judge's motions calendar **fourteen (14) days**

17  from the date they are filed. Responses to objections may be filed by **the day before the noting**

18  **date**. If no timely objections are filed, the matter will be ready for consideration by the District

19  Judge on **December 16, 2024**.

20      Dated this 27th day of November, 2024.

21

22

                                David W. Christel
23                              United States Magistrate Judge

24

REPORT AND RECOMMENDATION - 4